**NOT FOR PUBLICATION**

DEC 18 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KENNETH W. REED, | No. 13-17613 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-01339-JAT |
| v. | |
| KAREN BETH BARCKLAY, AKA Karen Beth Barcklay-Dodson, AKA Karen Beth Dodson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and MOSKOWITZ,[***] Chief
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barry Ted Moskowitz, Chief District Judge for the
U.S. District Court for the Southern District of California, sitting by designation.

Dr. Karen Barcklay appeals from the district court's denial of her motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 action brought by Arizona state prisoner Kenneth Reed alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Specifically, Reed alleges that Dr. Barcklay refused to provide effective medication for his serious migraines. We review de novo a district court's order denying summary judgment on the ground of qualified immunity. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). We affirm.

As a preliminary matter, Reed contends that we lack appellate jurisdiction to review this interlocutory appeal because Dr. Barcklay raises factual rather than legal disputes. However, we have jurisdiction because "[w]here disputed facts exist, . . . we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct." *Bingue v. Prunchak*, 512 F.3d 1169, 1172-73 (9th Cir. 2008) (quoting *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam)).

Dr. Barcklay argues that she is entitled to qualified immunity because she did not violate Reed's clearly established rights. However, viewing the facts in the light most favorable to Reed, Dr. Barcklay deliberately chose not to provide

2

effective medication that Reed had long been prescribed for serious migraines despite the substantial risk of harm to Reed. It was clearly established that a physician's failure to provide treatment that would alleviate an inmate's significant pain could constitute deliberate indifference in violation of the Eighth Amendment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (setting forth deliberate indifference standard). We reject Dr. Barcklay's attempt to frame the issue more narrowly as whether it was clearly established that inmates have a right to non-emergency medical care after they fail to follow prison policy to submit their request in writing. *See Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995) (rejecting attempt to more narrowly define an inmate's Eighth Amendment right to receive medical care because to do so would allow defendants to "define away all potential claims"). Moreover, viewing the facts in the light most favorable to Reed, he complied with the prison policy to submit his request in writing, and it was not reasonable to require him to continue submitting the same request when it became clear that to do so would be futile.

Alternatively, Dr. Barcklay argues that she is entitled to qualified immunity because she could have mistakenly, but reasonably, perceived that she was not exposing Reed to a substantial risk of serious harm by denying his request for effective migraine medication. *See Estate of Ford v. Ramirez-Palmer*, 301 F.3d

1043, 1050 (9th Cir. 2002) (government official is entitled to qualified immunity if he or she "mistakenly, but reasonably, perceive[d] that the exposure in any given situation was not that high").  However, viewing the facts in the light most favorable to Reed, Dr. Barcklay did not make a reasonable mistake because, among other things, Reed told her that he had suffered a number of painful migraine attacks.

       **AFFIRMED.**